**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| In re:<br><br>HRONIS, INC., a California corporation, et al.,[1] | Chapter 11<br><br>Case No. 1:26-bk-10978<br><br>(Jointly Administered) |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## INTRODUCTION

The Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and, together with the Schedules, the "**Schedules and Statements**") filed by Hronis, Inc. and its affiliated debtors (collectively, the "**Debtors**" or the "**Company**") in the United States Bankruptcy Court for the Eastern District of California (the "**Bankruptcy Court**"), were prepared in accordance with section 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by management of the Debtors, with the assistance of the Debtors' professional advisors, and are unaudited.

The Schedules and Statements have been signed by Allen Soong, Chief Restructuring Officer ("**CRO**") of the Company. Mr. Soong has not (nor could have) personally verified the accuracy of each statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. In addition, Mr. Soong has not (nor could have) personally verified the completeness of the Schedules and Statements, nor the accuracy of any information contained therein. In reviewing and signing the Schedules and Statements, Mr. Soong necessarily relied upon various personnel of the Debtors and the Debtors' professional advisors and their efforts, statements, and representations in connection therewith. Although reasonable efforts have been made to ensure that the Schedules and Statements are accurate and complete based upon information that was readily available to them at the time of preparation, subsequent information or discovery thereof

---

[1] The ten Debtors are Hronis, Inc.: Hronis Capital Assets, LP, a California limited partnership; Hronis Capital Management, LLC, a California limited liability company; Hronis Citrus, LLC, a California limited liability company; Hronis Farming, LP, a California limited partnership; Hronis Fruit Company LLC, a California limited liability company; Hronis Land Company, a California general partnership; Hronis Ranch, LLC, a California limited liability company; Hronis Resource Management, LLC, a California limited liability company; The Hronis Family Limited Partnership, a California limited partnership.

may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements. The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtors.**

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that were available at the time of such preparation. The Schedules and Statements reflect the Debtors' reasonably best efforts to report their assets and liabilities, based on their current books and records. The Debtors cannot be certain, however, that their books and records and/or these Schedules and Statements are valid, complete, accurate, or reliable. Among other things:

1.  The Company's annual financials have historically not been audited but reviewed. The latest Review was completed in conjunction with The Company's October 31, 2024 fiscal year.

**2.**  In November 2024 the Company implemented processes to prepare the interim financial statements on a GAAP basis. Prior to this implementation, the interim financial statements were produced essentially on a cash basis.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1.  **GENERAL RESERVATION OF RIGHTS.** Although the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in any and all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim ("**Claim**") as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims, the

characterization and/or classification of any claims, or a waiver of any of the Debtors' rights with respect to these chapter 11 cases, including issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2. **DESCRIPTION OF CASE AND "AS OF" INFORMATION DATE.** On March 6, 2026 "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The Debtors continue to operate their business and manage their assets as a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. Unless otherwise stated herein, assets and liabilities are reported as of March 6, 2026.

3. **BASIS OF PRESENTATION.** The Schedules and Statements purport to reflect the assets and liabilities of the Debtors. The Debtors reserve all rights relating to the legal ownership of assets and liabilities and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights. Information contained in the Schedules and Statements has been derived from the Debtors' books and records. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles nor are they intended to be fully reconcilable to audited financial statements.

4. **TOTALS.** All totals that are included in the Schedules and Statements represent totals of all known amounts reflected in the Debtors' books and records. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

5. **AMENDMENTS AND SUPPLEMENTS; ALL RIGHTS RESERVED.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; inadvertent errors or omissions, however, may exist. The Debtors reserve all rights, but are not required, to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

6. **REFERENCES.** References to applicable loan agreements and related documents are necessary for a complete description of the collateral and the nature, extent, and priority of liens and/or claims. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

7. **BOOK VALUE.** Unless otherwise indicated, the Debtors' assets and liabilities are shown at their net book values ("**NBV**") as of March 6, 2026. Thus, unless otherwise noted, the

Schedules and Statements reflect the current value as being equivalent to the carrying value of the assets and liabilities as recorded in the Debtors' books and/or from supporting documentation. The Debtors do not intend for the current value to be a proxy for market value, which may vary, sometimes materially, from NBV. The Debtors do not intend to amend these Schedules and Statements to reflect market values.

8.　　**RECHARACTERIZATION.** Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or re-designate items reported in the Schedules and Statements at a later time as they determine to be necessary and appropriate prior to any plan or disclosure statement being filed.

9.　　**CLAIMS OF THIRD-PARTY ENTITIES.** Although the Debtors have made reasonable efforts to classify properly each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and/or contingent or non-contingent, the Debtors have not been able to fully reconcile all payments made to certain third-party entities on account of the Debtors' obligations to both such entity and its affiliates.  Therefore, to the extent that the Debtors have classified its estimate of Claims of a creditor as disputed, for example, all Claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are individually designated as such.

10.　　**LIABILITIES.** The Debtors allocate liabilities between the prepetition and post-petition periods based on the information available in connection with the preparation of the Schedules and Statements.  As additional information becomes available, particularly with respect to the Debtors' payable accounts, the allocation of liabilities between the prepetition and post-petition periods may change. The Debtors reserve all rights to amend the Schedules and Statements as they deem appropriate.

11.　　**GUARANTEES AND OTHER SECONDARY LIABILITY CLAIMS.** Where guarantees have been identified, they have been included in the relevant liability Schedule for the Debtors affected by such guarantee. The Debtors have also listed such guarantees on the applicable Schedule H. It is possible that certain guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  The Debtors reserve all rights to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or be unenforceable.

12.　　**INTERCOMPANY CLAIMS.** The intercompany receivable/payable balances between the Debtors are set forth on Schedule A/B or Schedule E/F, as applicable, and receivables are classified as current assets. Intercompany transfers between Debtors are not captured on Statement 2 or 3. The listing in the Schedules or Statement (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does

not constitute any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim, subject to subordination and/or recharacterization, or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

13. **INTELLECTUAL PROPERTY RIGHTS.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made significant efforts to attribute intellectual property to the rightful Debtor owner. Accordingly, the Debtors reserve all rights with respect to the legal status of any and all such intellectual property rights.

14. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The Debtors have not estimated value of executory contracts or unexpired leases as assets in the Schedules and Statements. Instead, the Debtors' executory contracts and unexpired leases have been set forth in Schedule G. In addition, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

15. **CLAIMS DESCRIPTION.** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to dispute or objection. The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated." In addition, the Debtors reserve their rights to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

16. **CAUSES OF ACTION.** Despite their reasonable efforts, the Debtors may not have listed all causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights for any claims, counterclaims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, counterclaims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

17. **UNDETERMINED AMOUNTS.** Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown," "TBD," or "undetermined". The description of an

amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

18. **LIENS.** Property and equipment assets listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

19. **ESTIMATES.** To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

20. **CREDITS AND ADJUSTMENTS.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts reflected on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

21. **GLOBAL NOTES CONTROL.** In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

22. **CONFIDENTIALITY.** There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.

## SPECIFIC DISCLOSURES APPLICABLE TO SCHEDULES

23. **CLASSIFICATIONS.** Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E/F as "priority," or (c) on Schedule E/F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

24. **SCHEDULE A/B.** Except as otherwise noted, the amounts listed on Schedule A/B represent the value of each Debtor's assets as reflected in the Debtor's books and records (net of depreciation or amortization where applicable) as of March 6, 2026. The Debtors have not obtained independent valuation of these assets. The actual value of the assets listed may differ significantly from the amounts reflected in each the Schedules and Statements.

25. **SCHEDULE A/B 3.** Three bank accounts at Chase Bank in the name of Hronis, Inc. were not reflected in the Debtors' books and records. These accounts were reportedly closed as of the Petition Date. Bank reconciliations have not been prepared by employees of the Debtors. The main operating account for Hronis, Inc. at US Bank, account# x0442, shows

a negative balance after the California Franchise Tax Board effectuated a levy on Hronis, Inc. as described in Note 46 below in reference to Statement 6. The Debtors reserve all rights, defenses, claims and counterclaims concerning such levy.

26.　　**SCHEDULE A/B 11.** Accounts　Receivable — Gross Balances were gathered from the respective Debtors' Accounts Receivable detail aging as well as estimated amounts pertaining to miscellaneous sales of grapes unsuitable for certain channels of distribution that were not reflected in the Debtors books and records.　The Debtors do not calculate uncollectable amounts on a regular basis.　The amounts scheduled as doubtful or uncollectable for Hronis Inc. were based on diligence efforts by the CRO to verify the outstanding amounts.　These efforts included discussions with certain customers of Hronis, Inc.　Through this effort, it was discovered that certain customers remitted payments to the aforementioned accounts at Chase Bank that were not reflected in the Debtors' books and records, resulting in underreporting of receipts that the Debtors have attempted to approximate in this Schedule.　The net collectable value of the Accounts Receivable is subject to further revision as the Debtors continue their review.

27.　　**SCHEDULE A/B 15.** Equity interests in subsidiaries and affiliates arise from common stock or equivalent ownership. For purposes of these Schedules, the value of the Debtors' interests in any such subsidiaries and affiliates is undetermined.　The book values of certain assets may materially differ from their fair market values and/or the liquidation of the assets prepared in connection with the Disclosure Statement.

28.　　**SCHEDULE A/B 19.** Inventories of packaging material are completed sporadically throughout the year.　The most recent inventory was completed at the end of January 31. 2026, with the NBV based on purchase price reflected on recent invoices.

29.　　**SCHEDULE A/B 19.** WIP inventory as reflected herein represents the capitalized cost of the croup on the vine (Citrus and Grape) as maintained by the accounting system.　Citrus product is harvested and processed by a third-party packer, thus there is no finished goods inventory on hand at Petition Date.　Similarly, the grape crop is still on the vine and thus there is no finished grape inventory at Petition Date.

30.　　**SCHEDULE A/B 25.** The book value of property purchased within 20 days of the Petition Date was gathered from the most AP listing and review of individual invoices.　It is possible that additional product was received 20 days prior to Petition Date, however the paperwork has not been received as of date these Schedules were prepared.

31.　　**SCHEDULE A/B 28.** The net book value of the Trees & Vines (which is distinct from current year crop costs) is included in the land value schedule in A/B 55.

32.　　**SCHEDULE A/B 39/40/41.** Office Furniture, Office Equipment, and Fixtures were combined in the balances reflected in Schedule A/B 39 as of March 6, 2026.

33.     **SCHEDULE A/B 47.** The Debtors maintain a list of rolling stock equipment, however, the depreciation schedule is maintained by the Debtors' outside accounting/tax firm. This depreciation schedule as of 10/31/25 was utilized to calculate the NBV of the asset class. The detail depreciation schedule has not been reconciled with the Debtors list, thus values per each asset were not calculated or estimated.

34.     **SCHEDULE A/B 50.** The fixtures and leasehold improvements attached to the Debtors' citrus packing facility and cold storage are included in the land description included in Schedule A/B 55.

35.     **SCHEDULE A/B 55.** Similar to the rolling stock equipment list, the Debtors maintain a detail list of each ranch which is included in Schedule A/B 55. The depreciation schedule is maintained by the Debtors' outside accounting/tax firm. This depreciation schedule was utilized to calculate the NBV in the aggregate of the Land, Pump, Wells, Irrigation System, Trellis System, Trees & Vines; however, since the detail listing from the outside accounting/tax firm has not been reconciled to the Debtors' internal list, values per each asset were not calculated or estimated. These real estate assets were amassed over many years and the NBV may vary materially from the current market value of these assets. The Debtors have not commissioned recent appraisals on the real estate assets, therefore this schedule reflects the NBV of these assets, which may vary materially from their market value.

     This listing excludes information on the ranches associated with leases the Debtors have moved to reject as of the Petition Date as shown on Schedule G. The Debtors deem these acres uneconomic and not worth farming in their current state. Any equipment or vines on those ranches are of de minimis value.

     The Debtors license specific grape varieties subject to a royalty lease from certain third parties. This type of arrangement typically provides the use of the variety trademark for a designated period of years from the initial planting for an annual rent cost equal to a designated percentage of net proceeds from said variety.

36.     **SCHEDULE A/B 60-64.** Intellectual property is listed in Schedule A/B 60-64 at an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from net book value. Nothing herein or in the Schedules and Statements shall be construed as an admission or acknowledgment by the Debtors that any particular intellectual property asset is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

37.     **SCHEDULE A/B 72.** Interests in Net Operating Losses ("**NOLs**"). Certain of the Debtors may be able to take advantage of NOLs at the State and Federal level, which amounts are believed to have accumulated over more than one tax year.

38.     **SCHEDULE A/B 74/75.** The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim. In the ordinary course of its business, the

Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds or potential warranty Claims against its suppliers. Additionally, the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counterclaims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74/75.

39. **SCHEDULE A/B 77.** The Debtors' balance sheets include amounts that purport to reflect funds advanced to other Debtors, family members of the shareholders, or third parties, which are included in Schedule A/B 77. Other than entries into the books and records there is no written support for these advances. It is possible these balances are at least partly the accumulation of adjusting journal entries rather than actual cash transfers. The inclusion of any amount does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized or subordinated in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations. The detail for the corresponding intercompany payable balances is reflected in Schedule E/F. Certain non-debtor entities owned by Insiders appear in this Schedule – Shamrock Transport is wholly owned by Peter J. and Kosta Hronis, Deer Creek Almond Company is owned by Demetrius A. and Peter N. Hronis, and International Fruit Company is 50%-owned by Hronis Fruit Company. The remaining 50% of International Fruit Company is controlled by David Espinosa and W. Alex Bryant, who are executives of Hronis, Inc. Also appearing in this Schedule is non-debtor entity Grapeco Farm Management, which provides contract farm labor on a zero-markup basis, and is 50%-owned by Demetrius A. Hronis and 50%-owned by Mark DeDonato, an executive of Hronis, Inc.

40. **SCHEDULE D — CREDITORS HOLDING SECURED CLAIMS.** The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or have been incurred before March 6, 2026.

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtors' Schedule D. Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's Claim. To that end, the Debtors take no position as to the extent or priority of any creditor's lien in the Schedules and Statements.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Notes or the Schedules and

Statements shall be deemed a modification or interpretation of the terms of such agreements.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

On or about February 6, 2026, Conterra Agricultural Capital, LLC acquired the loan agreement, the notes and the Deeds of Trust from an affiliate of AgAmerica Lending LLC and became the successor-in-interest.

41. **SCHEDULE E/F — CREDITORS HOLDING UNSECURED CLAIMS.** On March 11, 2026, the Bankruptcy Court entered the *Final Order Authorizing Debtors To Continue Employee Compensation and Employee Benefit Programs* [Docket No. 73], authorizing the Debtor to pay or honor certain prepetition obligations with respect to employee wages and other compensation, reimbursable employee expenses and similar benefits.

   The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred. The Claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. In addition, the Claims of individual creditors for, among other things, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits, rebates, or allowances due from such creditors to the Debtors. The Claims and amounts listed in respect of certain trade payables reflect amounts owed as of the Petition Date.

   In addition, certain Claims listed on Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

   Schedule E/F also contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.

42. **SCHEDULE G — EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** While reasonable efforts have been made to ensure the accuracy of Schedule G, the Debtors' business is complex, and inadvertent errors, omissions, or overinclusion may have occurred. Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases, which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal,

and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as financing agreements, indemnity agreements, subordination, non-disturbance agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain executory contracts may not have been memorialized in writing and could be subject to dispute.

The Debtors reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect on the Petition Date or is valid and enforceable, and the Debtors reserves all rights in that regard, including without limitation the right to assert that any agreement is not executory, has expired pursuant to its terms, is severable in whole or in part, or was terminated prepetition.

43.     **SCHEDULE H — CO-DEBTORS.** Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, and enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The Debtors further reserve all rights, claims, and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. The listing of a contract, guarantee, or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid, or enforceable.

Schedule H also reflects guarantees by the Debtors, if any. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements. Thus, the Debtors reserve their right, but shall not be required, to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or are unenforceable.

## SPECIFIC DISCLOSURES APPLICABLE TO STATEMENTS

44.     **STATEMENT 1.** Rental revenue was historically recorded at the land-owning entities for property used by Hronis Farming. This practice ceased at the end of 2024 and amounts that would have been recorded as revenue were recorded in the balance sheet as amounts due from Hronis Farming. Hronis Farming generates revenues from the product that it delivers from its farming operations to Hronis, Inc., while Hronis, Inc. generates revenues from selling product to third parties. Hronis Fruit acted as a broker in that it was purchasing from outside growers and selling this product to Hronis Inc.

- 11 -

45.   **STATEMENT 3 AND 4.  SCHEDULE A/B 3 & 4.** The Debtors' books and records were relied upon for the disbursement activity and account balances as of the end of business on the Petition Date, except in the case of the three bank accounts described in Note 25 above regarding Schedule A/B 3 (the "**Outside Accounts**"). The Outside Accounts were not reflected in the Debtors' books and records but were reportedly closed as of the Petition Date with zero balances. Disbursement activity for the Outside Accounts was sourced from hard-copy bank statements provided to the CRO by the shareholder shortly after the Petition Date.

For purposes of the Schedules and Statements, the Debtors define Insiders as (i) individuals that, based upon the totality of circumstances, have a controlling interest in, or exercise sufficient control over the Debtors to dictate corporate policy and the disposition of assets, and (ii) relatives and affiliates of such individuals. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified in response to Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

While the Debtors' books and records are presumed reliable for purposes of identifying payroll and other transfers to Insiders, the bank statement descriptions of the Outside Account disbursements are incomplete and have not been reconciled to the Debtors' books and records. The CRO determined, given the brief time afforded the Debtors to file these Schedules and Statements, to apply conservative judgment in a preliminary review of both the books and records and the Outside Account bank statements to distinguish Insider payments or transfers from items that are or could reasonably be considered business-related.

Statement 4 includes transfers totaling $56.7M to Grapeco Farm Management, Inc. ("**Grapeco**"), which arranges the Debtors' entire contract farm labor force on a zero-markup basis. Grapeco is owned 50%/50% by Demetrius A. Hronis and Mark DeDonato, an executive of Hronis, Inc.

During the twelve months leading up to the Petition Date there appear to have been Insider payments or transfers that can be categorized as follows:

- Payroll ($1.6M) – ordinary course compensation to Insider employees of the Debtors

- Claim for Reimbursement ($0.7M) – payments to Insiders that are understood to be in reimbursement for business expenses that have yet to be fully verified by the CRO

- Household Services/Utilities/Taxes ($0.3M) – payments for maintenance services, utilities, and tax payments that appear unrelated to the Debtors' operations or assets

- Housing/Vehicles ($0.2M) – payments or transfers described or understood to be mortgage/rent payments or vehicle lease payments unrelated to the Debtor's operations or assets

- Personal Services ($0.5M) – payments for transportation, insurance, club dues, and other services that appear unrelated to the Debtors' operations or administration

- Credit Card Payments ($0.9M) – payments to what are understood to be credit card issuers; it is possible at least some of these amounts were incurred for business purposes, but the CRO has not yet been provided with documentation of such

- Advances to Shareholder/Relatives ($2.9M) – payments or transfers to Insiders that are described only by their beneficiaries without any reference to purpose

Out of an abundance of caution, Statement 4 also includes $2.8M in "Uncategorized" disbursements from the Outside Accounts that had no meaningful description other than "Check [#]" or "Withdrawal" or similarly nondescript language and no beneficiary or payee information. It is possible that some or all of these items were for business purposes rather than for the benefit of Insiders, but the CRO is unable at this time to distinguish between the two with reasonable certainty.

Where an Insider is named as a beneficiary, that information is included. Otherwise, other than in the case of Uncategorized disbursements, the transfer is attributed to Peter J. Hronis as the primary signatory on the Outside Accounts.

Certain transactions listed in Statement 4 warrant further comment:

- On January 20, 2026, an Outside Account received $800k from Porterville Citrus in payment for citrus crop. A withdrawal of $800k was made the same day. Also on that day, Hronis Racing, a non-debtor entity owned 100% by Peter J. and Kosta Hronis, transferred $800k to Hronis, Inc. as a shareholder loan in exchange for a security interest in the assets of Hronis, Inc.

- On or about January 2, 2026, Hronis Farming transferred $660k to Hronis Racing, ostensibly to reimburse Hronis Racing for a payment made on behalf of Hronis Farming to one of its landlords.

- On September 25, 2025, Peter J. Hronis withdrew $2.0M from an Outside Account. Hronis, Inc. received $1.4M as a shareholder loan on or about that same date in exchange for a security interest in the assets of Hronis, Inc.

46.    **STATEMENT 6.** The California Franchise Tax Board (FTB) asserts that Hronis, Inc. owes $1.442M in unpaid tax obligations. On or about February 23, 2026, the FTB effectuated a levy on Hronis, Inc. accounts at US Bank, at which time the accounts held approximately $248K. On March 6, 2026, just prior to the filing of the Petition, US Bank debited the accounts $248K and remitted that amount to FTB. By that time, however, the account balance was near zero as checks had cleared in the interim, resulting in the negative bank balance shown in Statement 1 at Petition Date. The Debtors may pursue the return of those funds from FTB to resolve the negative bank balance.

47.      **STATEMENT 7.** The Debtors reserve all rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors. The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

48.      **STATEMENT 20.** During the 2025 harvest season, Hronis Inc used an outside cold storage facility for a portion of the year to hold overflow grape inventory that could not be held in the Debtors' own cold storage.

49.      **STATEMENT 26**. An investment banker, Ducera Partners LLC, conducted a marketing effort during 2025. Ducera Partners LLC is listed on this schedule, but we did not list each party that executed a Non-Disclosure Agreement. Other interested parties conducted additional due diligence on the business and they are listed herein as well.

50.      **STATEMENT 27.** Inventories of packaging material are completed periodically throughout the year. The most recent inventory was completed at the end of January 2026.

51.      **STATEMENT 30.** Please reference Statement 4.

**Fill in this information to identify the case:**

**Debtor name:** Hronis Resource Management, LLC

**United States Bankruptcy Court for the:** Eastern District of California

**Case number (if known):** 26-10987

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals    **12/15**

| Part 1: | Summary of Assets |
|---|---|

**1.**   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

| | | |
|---|---|---|
| 1a. | **Real property:** <br> Copy line 88 from Schedule A/B ................................................................... | $0.00 |
| 1b. | **Total personal property:** <br> Copy line 91A from Schedule A/B .................................................................... | $236,086.81 |
| 1c. | **Total of all property:** <br> Copy line 92 from Schedule A/B ..................................................................... | $236,086.81 |

| Part 2: | Summary of Liabilities |
|---|---|

**2.**   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D .................    $87,180,916.00

**3.**   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

| | | |
|---|---|---|
| 3a. | **Total claim amounts of priority unsecured claims:** <br> Copy the total claims from Part 1 from line 5a of Schedule E/F ......................................... | $0.00 |
| 3b. | **Total amount of claims of nonpriority amount of unsecured claims:** <br> Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F ........................... | **+** $0.00 |

**4.**   *Total liabilities*
Lines 2 + 3a + 3b .....................................................................................    $87,180,916.00

**Fill in this information to identify the case:**

**Debtor name:** Hronis Resource Management, LLC

**United States Bankruptcy Court for the:** Eastern District of California

**Case number (if known):** 26-10987

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:    Cash and cash equivalents

**1.    Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

**2.    Cash on hand**

2.1.    _____    $_____

**3.    Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|
| 3.1.    WELLS FARGO | CHECKING | X5603 | $83,080.81 |

**4.    Other cash equivalents** *(Identify all)*

| Description | Name of institution | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|---|
| 4.1.    _____ | _____ | _____ | _____ | $_____ |

**5.    Total of part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $83,080.81 |
|---|

## Part 2:    Deposits and prepayments

**6.    Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below

**7.    Deposits, including security deposits and utility deposits**

| Description, including name of holder of deposit | Current value of debtor's interest |
|---|---|
| 7.1.    _____ | $_____ |

Debtor    **Hronis Resource Management, LLC**        Case number *(if known)* **26-10987**

**8.**     **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment        Current value of debtor's interest

8.1.    _____    $_____

_____

**9.**     **Total of part 2**

Add lines 7 through 8. Copy the total to line 81.        $0.00

---

**Part 3:**    **Accounts receivable**

**10.**    **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11.**    **Accounts receivable**

| | Face amount | Doubtful or uncollectible accounts | | |
|---|---|---|---|---|
| 11a.   90 days old or less: | $_____ | - $_____ | = ........ → | $_____ |
| | Face amount | Doubtful or uncollectible accounts | | |
| 11b.   Over 90 days old: | $_____ | - $_____ | = ........ → | $_____ |

**12.**   **Total of part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.        $0.00

---

**Part 4:**    **Investments**

**13.**    **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14.**    **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock

14.1. _____    _____    $_____

**15.**    **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity        % of ownership

15.1. _____    _____%    _____    $_____

**16.**    **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe

16.1. _____    _____    $_____

**17.**    **Total of part 4**

Add lines 14 through 16. Copy the total to line 83.        $0.00

---

Debtor   **Hronis Resource Management, LLC**        Case number *(if known)* **26-10987**

| Part 5: | Inventory, excluding agriculture assets |
| --- | --- |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |

**19. Raw materials**

19.1. _____ _____ $_____ _____ $_____

**20. Work in progress**

20.1. _____ _____ $_____ _____ $_____

**21. Finished goods, including goods held for resale**

21.1. _____ _____ $_____ _____ $_____

**22. Other inventory or supplies**

22.1. _____ _____ $_____ _____ $_____

**23. Total of part 5**

Add lines 19 through 22. Copy the total to line 84.        $0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes Book value: $_____ Valuation method: _____ Current value: $_____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
| --- | --- |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |

**28. Crops—either planted or harvested**

28.1. _____ $_____ _____ $_____

**29. Farm animals.** Examples: Livestock, poultry, farm-raised fish

29.1. _____ $_____ _____ $_____

**30. Farm machinery and equipment** (Other than titled motor vehicles)

30.1. _____ $_____ _____ $_____

**31. Farm and fishing supplies, chemicals, and feed**

31.1. _____ $_____ _____ $_____

Debtor　**Hronis Resource Management, LLC**　　　　　　　Case number *(if known)* **26-10987**

**32.　　Other farming and fishing-related property not already listed in Part 6**

32.1.　_____　$_____　_____　$_____

**33.　Total of part 6**

Add lines 28 through 32. Copy the total to line 85.

| |
|---|
| $0.00 |

**34.　Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

　☐ No

　☐ Yes

**35.　Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes Book value: $_____　Valuation method: _____　Current value: $_____

**36.　Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37.　Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:　Office furniture, fixtures, and equipment; and collectibles**

**38.　Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.　Office furniture** | | | |
| 39.1.　_____ | $_____ | _____ | $_____ |
| **40.　Office fixtures** | | | |
| 40.1.　_____ | $_____ | _____ | $_____ |
| **41.　Office equipment, including all computer equipment and communication systems equipment and software** | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
| 41.1.　_____ | $_____ | _____ | $_____ |
| **42.　Collectibles.** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1.　_____ | $_____ | _____ | $_____ |

**43.　Total of part 7**

Add lines 39 through 42. Copy the total to line 86.

| |
|---|
| $0.00 |

Debtor   **Hronis Resource Management, LLC**        Case number *(if known)* **26-10987**

**44.**   **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45.**   **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
| --- | --- |

**46.**   **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available)<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **47.**   **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1. _____ | $_____ | _____ | $_____ |
| **48.**   **Watercraft, trailers, motors, and related accessories.** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1. _____ | $_____ | _____ | $_____ |
| **49.**   **Aircraft and accessories** | | | |
| 49.1. _____ | $_____ | _____ | $_____ |
| **50.**   **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1. _____ | $_____ | _____ | $_____ |

**51.**   **Total of part 8**

Add lines 47 through 50. Copy the total to line 87.        $0.00

**52.**   **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53.**   **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 9: | Real property |
| --- | --- |

**54.**   **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |
| **55.**   **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest** | | | | |
| 55.1. _____ | _____ | $_____ | _____ | $_____ |

Official Form 206A/B        **Schedule A/B: Assets — Real and Personal Property**       

Debtor    **Hronis Resource Management, LLC**       Case number *(if known)* **26-10987**

**56. Total of part 9**

Add the current value on lines 55. Copy the total to line 88.

| $0.00 |

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 10: Intangibles and intellectual property**

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1. _____ | $_____ | _____ | $_____ |
| **61. Internet domain names and websites** | Net book value of debtor's interest | Valuation method | Current value of debtor's interest |
| 61.1. _____ | $_____ | _____ | $_____ |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1. _____ | $_____ | _____ | $_____ |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1. _____ | $_____ | _____ | $_____ |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1. _____ | $_____ | _____ | $_____ |
| **65. Goodwill** | | | |
| 65.1. _____ | $_____ | _____ | $_____ |

**66. Total of part 10**

Add lines 60 through 65. Copy the total to line 89.

| $0.00 |

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor   **Hronis Resource Management, LLC**                    Case number *(if known)* **26-10987**

| **Part 11:** | **All other assets** |
|---|---|

**70.   Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

|  | **Current value of debtor's interest** |
|---|---|

**71.   Notes receivable**

| Description (include name of obligor) | Total face amount | Doubtful or uncollectible amount | | Current value of debtor's interest |
|---|---|---|---|---|
| 71.1.  _____ _____ | $_____ | - $_____ | = ........ → | $_____ |

**72.   Tax refunds and unused net operating losses (NOLs)**

| Description (for example, federal, state, local) | Tax refund amount | NOL amount | Tax year | Current value of debtor's interest |
|---|---|---|---|---|
| 72.1.  _____ | $_____ | $_____ | _____ | $_____ |

**73.   Interests in insurance policies or annuities**

| | Insurance company | Insurance policy No. | Annuity issuer name | Annuity account type | Annuity account No. | Current value of debtor's interest |
|---|---|---|---|---|---|---|
| 73.1. | UPLAND SPECIALTY INS CO | ADDITIONAL EXCESS/UMBRELLA LAYERS - POLICY NO. USXTL1101825 | _____ | _____ | _____ | UNDETERMINED |
| 73.2. | ARCH INSURANCE COMPANY | BUSINESS AUTO ALL ENTITIES - POLICY NO. ZACAT7005209 | _____ | _____ | _____ | UNDETERMINED |
| 73.3. | ARCH INSURANCE CO | WORKER'S COMPENSATION AND EMPLOYERS LIABILITY - POLICY NO. ZAWCI7006809 | _____ | _____ | _____ | UNDETERMINED |
| 73.4. | ARCH INSURANCE CO | WORKER'S COMPENSATION AND EMPLOYERS LIABILITY - POLICY NO. ZAWCI7006409 | _____ | _____ | _____ | UNDETERMINED |
| 73.5. | FIREMANS FUND INS COMPANY | ADDITIONAL EXCESS/UMBRELLA LAYERS - POLICY NO. USC039763254 | _____ | _____ | _____ | UNDETERMINED |
| 73.6. | EVANSTON INSURANCE COMPANY | ADDITIONAL EXCESS/UMBRELLA LAYERS - POLICY NO. MCGX102538-00 | _____ | _____ | _____ | UNDETERMINED |

Official Form 206A/B          **Schedule A/B: Assets — Real and Personal Property**

Debtor　**Hronis Resource Management, LLC**　　　　　　　　Case number *(if known)* **26-10987**

| | | | | | |
|---|---|---|---|---|---|
| 73.7. | WRIGHT NATIONAL FLOOD INS CO | COMML FLOOD PROPERTY POLICY - HRONIS CAPITAL ASSETS LP - POLICY NO. 04 115183443306 | _____ | _____ | _____ | UNDETERMINED |
| 73.8. | TRAVELERS PROP CAS CO OF AMERICA | BOILER & MACHINERY - POLICY NO. BME1-C0311808-TIL-25 | _____ | _____ | _____ | UNDETERMINED |
| 73.9. | TRAVELERS PROP CAS CO OF AMERICA | ADDITIONAL EXCESS/UMBRELLA LAYERS - POLICY NO. EX-9W325546-25-NF | _____ | _____ | _____ | UNDETERMINED |
| 73.10. | ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY- SOMPO | D&O - POLICY NO. ADL30091719700 | _____ | _____ | _____ | UNDETERMINED |
| 73.11. | ZENITH INSURANCE COMPANY | PROPERTY / LIABILITY /UMBRELLA - POLICY NO. CFP 00029854-05 | _____ | _____ | _____ | UNDETERMINED |
| 73.12. | ZENITH INSURANCE COMPANY | COMMERCIAL PACKAGE - LIABILITY INSURANCE - POLICY NO. CFP 00029964-05 | _____ | _____ | _____ | UNDETERMINED |
| 73.13. | NAU COUNTRY INSURANCE COMPANY | CROP INSURANCE - ORANGES & TANGELOS - KERN COUNTY - POLICY NO. CA-942-3308912-26 | _____ | _____ | _____ | UNDETERMINED |
| 73.14. | NAU COUNTRY INSURANCE COMPANY | CROP INSURANCE-ORANGES - KERN COUNTY - POLICY NO. CA -942-3308911-26 | _____ | _____ | _____ | UNDETERMINED |
| 73.15. | NAU COUNTRY INSURANCE COMPANY | CROP INSURANCE - TABLE GRAPES - KERN COUNTY - POLICY NO. CA-942-3309003-26 | _____ | _____ | _____ | UNDETERMINED |
| 73.16. | NAU COUNTRY INSURANCE COMPANY | CROP INSURANCE - TABLE GRAPES - TULARE COUNTY - POLICY NO. CA-942-3308996-26 | _____ | _____ | _____ | UNDETERMINED |

**74.** **Causes of action against third parties (whether or not a lawsuit has been filed)**

| | Nature of claim | Amount requested | Current value of debtor's interest |
|---|---|---|---|
| 74.1. | _____ | _____ | $_____ | $_____ |

Official Form 206A/B　　　　　**Schedule A/B: Assets — Real and Personal Property**　　　　　Page 8 of 10

Debtor   **Hronis Resource Management, LLC**                    Case number *(if known)* **26-10987**

**75.**   **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

|  | Nature of claim | Amount requested | Current value of debtor's interest |
|---|---|---|---|
| 75.1. | _____  _____ | $_____ | $_____ |

**76.**   **Trusts, equitable or future interests in property**

| 76.1. | _____ | $_____ |
|---|---|---|

**77.**   **Other property of any kind not already listed**

Examples: Season tickets, country club membership

| 77.1. | ADVANCES TO HRONIS FARMING | $153,006.00 |
|---|---|---|

**78.**   **Total of part 11**

Add lines 71 through 77. Copy the total to line 90.

$153,006.00

**79.**   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

Official Form 206A/B                    **Schedule A/B: Assets — Real and Personal Property**                    Page 9 of 10

Debtor   **Hronis Resource Management, LLC**               Case number *(if known)* **26-10987**

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $83,080.81 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ......................................... → | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.*     **+** | $153,006.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ..........91a. | $236,086.81   **+ 91b.** | $0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. .................................................................     $236,086.81

**Fill in this information to identify the case:**

**Debtor name:** Hronis Resource Management, LLC

**United States Bankruptcy Court for the:** Eastern District of California

**Case number (if known):** 26-10987

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

Debtor  **Hronis Resource Management, LLC**                    Case number *(if known)* **26-10987**

| | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

2.1.

**Creditor's name and address**

CONTERRA AGRICULTURAL CAPITAL, LLC
5465 MILLS CIVIC PARKWAY
STE 201
WEST DES MOINES IA 50266

**Creditor's email address, if known**

_____

**Date debt was incurred:** 2/6/2026

**Last 4 digits of account number:**

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

   ☑ No. Specify each creditor, including this creditor, and its relative priority. THE PRIORITY SCHEME IS AS FOLLOWS: 1ST CONTERRA AGRICULTURAL CAPITAL, LLC; 2ND: SUN PACIFIC MARKETING COOPERATIVE INC.; AND 3RD: PETER J. HRONIS

   ☐ Yes. The relative priority of creditors is specified on lines: _____

**Describe debtor's property that is subject to a lien**

ALL ASSETS

**Describe the lien**

UCC-1 RECORDED 2/6/2026 IN STATE OF CALIFORNIA AS DOCUMENT NO. U260009245018

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

$74,175,916.00          UNDETERMINED

Official Form 206D          **Schedule D: Creditors Who Have Claims Secured by Property**          Page 2 of 4

Debtor  **Hronis Resource Management, LLC**                    Case number *(if known)* **26-10987**

| | |
|---|---|
| 2.2. | **Creditor's name and address** |

**Describe debtor's property that is subject to a lien**

PETER J. HRONIS
10443 HRONIS ROAD
DELANO CA 93215-9556

ALL ASSETS                    $2,960,000.00        UNDETERMINED

**Describe the lien**

**Creditor's email address, if known**

_____

UCC-1 RECORDED IN STATE OF CALIFORNIA 10/29/2025 AS DOCUMENT NO. U250204995328 AND DEED OF TRUST RECORDED IN KERN COUNTY, CA 10/31/2025

**Date debt was incurred:** 10/29/2025

**Is the creditor an insider or related party?**

**Last 4 digits of account number:**

☐ No
☑ Yes

**Do multiple creditors have an interest in the same property?**

**Is anyone else liable on this claim?**

☐ No

☐ No
☑ Yes. Have you already specified the relative priority?

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.

   _____
   _____

☑ Contingent

   ☑ Yes. The relative priority of creditors is specified on lines: 2.1

☑ Unliquidated

☑ Disputed

| | |
|---|---|
| 2.3. | **Creditor's name and address** |

**Describe debtor's property that is subject to a lien**

SUN PACIFIC MARKETING COOPERATIVE INC
1095 E GREEN ST
PASADENA CA 91106-2503

SUBSTANTIALLY ALL PERSONAL PROPERTY        $10,045,000.00        UNDETERMINED

**Describe the lien**

**Creditor's email address, if known**

_____

UCC-1 RECORDED 1/5/2026 IN STATE OF CALIFORNIA AS DOCUMENT NO. U260000642617

**Date debt was incurred:** 1/5/2026

**Is the creditor an insider or related party?**

**Last 4 digits of account number:**

☑ No
☐ Yes

**Do multiple creditors have an interest in the same property?**

**Is anyone else liable on this claim?**

☐ No

☐ No
☑ Yes. Have you already specified the relative priority?

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.

   _____
   _____

☐ Contingent

   ☑ Yes. The relative priority of creditors is specified on lines: 2.1

☐ Unliquidated

☑ Disputed

**3.** **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**        **$87,180,916.00**

Debtor    **Hronis Resource Management, LLC**        Case number *(if known)* **26-10987**

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| | Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|---|
| 3.1. | EVANS AG GP, INC.<br>1095 EAST GREEN STREET<br>PASADENA CA 91106 | Line 2.3 | _____ |
| 3.2. | MILLER NASH<br>BERNARD KORNBERG, ESQ.<br>340 GOLDEN SHORE<br>SUITE 450<br>LONG BEACH CA 90802 | Line 2.1 | _____ |
| 3.3. | ROYER COOPER COHEN BRAUNFELD LLC<br>MARC E. HIRSCHFIELD, ESQ.<br>1120 AVENUE OF THE AMERICAS<br>4TH FLOOR<br>NEW YORK NY 10036 | Line 2.1 | _____ |
| 3.4. | WEINTRAUB ZOLKIN TALERICO & LIU LLP<br>DAVID ZOLKIN, ESQ.<br>11766 WILSHIRE BLVD.<br>SUITE 730<br>LOS ANGELES CA 90024 | Line 2.2 | _____ |

**Fill in this information to identify the case:**

**Debtor name:** Hronis Resource Management, LLC

**United States Bankruptcy Court for the:** Eastern District of California

**Case number (if known):** 26-10987

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims 12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G) .Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |

**1.** **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2.** **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

2.1.

| **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **Total claim** | **Priority amount** |
|---|---|---|---|
| _____ _____ _____ _____ | ☐ Contingent ☐ Unliquidated ☐ Disputed | $_____ | $_____ |
| | | | **Nonpriority amount** |
| | | | $_____ |

**Date or dates debt was incurred**

_____

**Basis for the claim:**

_____

**Last 4 digits of account number:** __ __ __ __

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**Is the claim subject to offset?**

☐ No

☐ Yes

Debtor　**Hronis Resource Management, LLC**　　　　　　　　Case number *(if known)* **26-10987**

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
| --- | --- |

3.　**List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

3.1.　**Nonpriority creditor's name and mailing address**

_____
_____
_____
_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number: __ __ __ __**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

**Amount of claim**

$_____

---

Official Form 206E/F　　　　**Schedule E/F: Creditors Who Have Unsecured Claims**　　　　Page 2 of 3

Debtor   **Hronis Resource Management, LLC**         Case number *(if known)* **26-10987**

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
| --- | --- |

5.   **Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
| --- | --- | --- | --- |
| **5a.** | **Total claims from Part 1** | 5a. | $0.00 |
| **5b.** | **Total claims from Part 2** | 5b.   **+** | $0.00 |
| **5c.** | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $0.00 |

**Fill in this information to identify the case:**

**Debtor name:** Hronis Resource Management, LLC

**United States Bankruptcy Court for the:** Eastern District of California

**Case number (if known):** 26-10987

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases 12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|----|-----------------------------------------|----------------------------------------------------------------------------------------------|
| 2.1. | **Title of contract** COMMERCIAL BUSINESS INSURANCE | ARCH INSURANCE CO 210 HUDSON STREET SUITE 600 JERSEY CITY NJ 07311 |
| | **State what the contract or lease is for** WORKER'S COMPENSATION AND EMPLOYERS LIABILITY - POLICY NO. ZAWCI7006809 | |
| | **Nature of debtor's interest** INSURED | |
| | **State the term remaining** 10/1/2026 | |
| | **List the contract number of any government contract** _____ | |
| 2.2. | **Title of contract** COMMERCIAL BUSINESS INSURANCE | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| | **State what the contract or lease is for** WORKER'S COMPENSATION AND EMPLOYERS LIABILITY - POLICY NO. ZAWCI7006409 | ARCH INSURANCE CO 210 HUDSON STREET SUITE 600 JERSEY CITY NJ 07311 |
| | **Nature of debtor's interest** INSURED | |
| | **State the term remaining** 10/1/2026 | |
| | **List the contract number of any government contract** _____ | |
| 2.3. | **Title of contract** COMMERCIAL BUSINESS INSURANCE | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| | **State what the contract or lease is for** BUSINESS AUTO ALL ENTITIES - POLICY NO. ZACAT7005209 | ARCH INSURANCE COMPANY 210 HUDSON STREET SUITE 600 JERSEY CITY NJ 07311 |
| | **Nature of debtor's interest** INSURED | |
| | **State the term remaining** 10/1/2026 | |
| | **List the contract number of any government contract** _____ | |

Debtor   **Hronis Resource Management, LLC**                    Case number *(if known)* **26-10987**

| 2.4. | **Title of contract** | FARMING CONSULTING AGREEMENT | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | SERVICE AGREEMENT - AGRICULTURAL ADVISOR AND ASSET MANAGER | |
| | **Nature of debtor's interest** | CONTRACT PARTY | DIVERSIFIED LAND MANAGEMENT ATTN CLAY BECK PRESIDENT 240 N. 12TH AVE SUITE 109 #338 HANFORD CA 93230 |
| | **State the term remaining** | ON 72 - HOURS NOTICE | |
| | **List the contract number of any government contract** | | |

| 2.5. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | D&O - POLICY NO. ADL30091719700 | |
| | **Nature of debtor's interest** | INSURED | ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY-SOMPO 240 ST. PAUL STREET SUITE 201 DENVER CO 80206 |
| | **State the term remaining** | 06/28/2026 | |
| | **List the contract number of any government contract** | | |

| 2.6. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | ADDITIONAL EXCESS/UMBRELLA LAYERS - POLICY NO. MCGX102538-00 | |
| | **Nature of debtor's interest** | INSURED | EVANSTON INSURANCE COMPANY 10275 W. HIGGINS ROAD SUITE 750 ROSEMONT IL 60018 |
| | **State the term remaining** | 10/1/2026 | |
| | **List the contract number of any government contract** | | |

| 2.7. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | ADDITIONAL EXCESS/UMBRELLA LAYERS - POLICY NO. USC039763254 | |
| | **Nature of debtor's interest** | INSURED | FIREMANS FUND INS COMPANY 225 W. WASHINGTON STREET SUITE 1800 CHICAGO IL 60606 |
| | **State the term remaining** | 10/1/2026 | |
| | **List the contract number of any government contract** | | |

| 2.8. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | CROP INSURANCE - ORANGES & TANGELOS - KERN COUNTY - POLICY NO. CA-942-3308912-26 | |
| | **Nature of debtor's interest** | INSURED | NAU COUNTRY INSURANCE COMPANY 7333 SUNWOOD DRIVE NW RAMSEY MN 55303 |
| | **State the term remaining** | 2026 CROP | |
| | **List the contract number of any government contract** | | |

Debtor **Hronis Resource Management, LLC**

Case number *(if known)* **26-10987**

| 2.9. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | CROP INSURANCE- ORANGES - KERN COUNTY - POLICY NO. CA -942-3308911-26 | |
| | **Nature of debtor's interest** | INSURED | NAU COUNTRY INSURANCE COMPANY |
| | **State the term remaining** | 2026 CROP | 7333 SUNWOOD DRIVE NW RAMSEY MN 55303 |
| | **List the contract number of any government contract** | _____ | |

| 2.10. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | CROP INSURANCE - TABLE GRAPES - KERN COUNTY - POLICY NO. CA-942-3309003-26 | |
| | **Nature of debtor's interest** | INSURED | NAU COUNTRY INSURANCE COMPANY |
| | **State the term remaining** | 2026 CROP | 7333 SUNWOOD DRIVE NW RAMSEY MN 55303 |
| | **List the contract number of any government contract** | _____ | |

| 2.11. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | CROP INSURANCE - TABLE GRAPES - TULARE COUNTY - POLICY NO. CA-942-3308996-26 | |
| | **Nature of debtor's interest** | INSURED | NAU COUNTRY INSURANCE COMPANY |
| | **State the term remaining** | 2026 CROP | 7333 SUNWOOD DRIVE NW RAMSEY MN 55303 |
| | **List the contract number of any government contract** | _____ | |

| 2.12. | **Title of contract** | _____ | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | PAYROLL PROCESSING SERVICES | |
| | **Nature of debtor's interest** | CONTRACT PARTY | PAYROLL PEOPLE INC. |
| | **State the term remaining** | _____ | 2152 E COPPER AVE # 105 FRESNO CA 93730 |
| | **List the contract number of any government contract** | _____ | |

| 2.13. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | BOILER & MACHINERY - POLICY NO. BME1-C0311808-TIL-25 | |
| | **Nature of debtor's interest** | INSURED | TRAVELERS PROP CAS CO OF AMERICA |
| | **State the term remaining** | 10/1/2026 | ONE TOWER SQUARE HARTFORD CT 06183 |
| | **List the contract number of any government contract** | _____ | |

Debtor    **Hronis Resource Management, LLC**                    Case number *(if known)* **26-10987**

| 2.14. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | ADDITIONAL EXCESS/UMBRELLA LAYERS - POLICY NO. EX-9W325546-25-NF | |
| | **Nature of debtor's interest** | INSURED | TRAVELERS PROP CAS CO OF AMERICA |
| | **State the term remaining** | 10/1/2026 | ONE TOWER SQUARE HARTFORD CT 06183 |
| | **List the contract number of any government contract** | _____ | |

| 2.15. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | ADDITIONAL EXCESS/UMBRELLA LAYERS - POLICY NO. USXTL1101825 | |
| | **Nature of debtor's interest** | INSURED | UPLAND SPECIALTY INS CO 5050 QUORUM DRIVE |
| | **State the term remaining** | 10/1/2026 | SUITE 700 #473 DALLAS TX 75254 |
| | **List the contract number of any government contract** | _____ | |

| 2.16. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | COMML FLOOD PROPERTY POLICY - HRONIS CAPITAL ASSETS LP - POLICY NO. 04 115183443306 | |
| | **Nature of debtor's interest** | INSURED | WRIGHT NATIONAL FLOOD INS CO ATTN LEGAL DEPT |
| | **State the term remaining** | 5/13/2026 | 801 94TH AVENUE NORTH SUITE 110 |
| | **List the contract number of any government contract** | _____ | SAINT PETERSBURG FL 33702 |

| 2.17. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | PROPERTY / LIABILITY /UMBRELLA - POLICY NO. CFP 00029854-05 | |
| | **Nature of debtor's interest** | INSURED | ZENITH INSURANCE COMPANY 21255 CALIFA STREET |
| | **State the term remaining** | 10/1/2026 | WOODLAND HILLS CA 91367 |
| | **List the contract number of any government contract** | _____ | |

| 2.18. | **Title of contract** | COMMERCIAL BUSINESS INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | COMMERCIAL PACKAGE - LIABILITY INSURANCE - POLICY NO. CFP 00029964-05 | |
| | **Nature of debtor's interest** | INSURED | ZENITH INSURANCE COMPANY 21255 CALIFA STREET |
| | **State the term remaining** | 10/1/2026 | WOODLAND HILLS CA 91367 |
| | **List the contract number of any government contract** | _____ | |

**Fill in this information to identify the case:**

**Debtor name:** Hronis Resource Management, LLC

**United States Bankruptcy Court for the:** Eastern District of California

**Case number (if known):** 26-10987

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1. HRONIS CAPITAL ASSETS, LP | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.2. HRONIS CAPITAL ASSETS, LP | 10443 HRONIS ROAD DELANO CA 93215-9556 | PETER HRONIS | ☑ D<br>☐ E/F<br>☐ G |
| 2.3. HRONIS CAPITAL ASSETS, LP | 10443 HRONIS ROAD DELANO CA 93215-9556 | SUN PACIFIC MARKETING COOPERATIVE INC | ☑ D<br>☐ E/F<br>☐ G |
| 2.4. HRONIS CAPITAL MANAGEMENT, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.5. HRONIS CAPITAL MANAGEMENT, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | PETER HRONIS | ☑ D<br>☐ E/F<br>☐ G |
| 2.6. HRONIS CAPITAL MANAGEMENT, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | SUN PACIFIC MARKETING COOPERATIVE INC | ☑ D<br>☐ E/F<br>☐ G |

Debtor   **Hronis Resource Management, LLC**        Case number *(if known)* **26-10987**

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.7.   HRONIS CITRUS, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D ☐ E/F ☐ G |
| 2.8.   HRONIS CITRUS, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | PETER HRONIS | ☑ D ☐ E/F ☐ G |
| 2.9.   HRONIS CITRUS, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | SUN PACIFIC MARKETING COOPERATIVE INC | ☑ D ☐ E/F ☐ G |
| 2.10.   HRONIS FARMING, LP | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D ☐ E/F ☐ G |
| 2.11.   HRONIS FARMING, LP | 10443 HRONIS ROAD DELANO CA 93215-9556 | PETER HRONIS | ☑ D ☐ E/F ☐ G |
| 2.12.   HRONIS FARMING, LP | 10443 HRONIS ROAD DELANO CA 93215-9556 | SUN PACIFIC MARKETING COOPERATIVE INC | ☑ D ☐ E/F ☐ G |
| 2.13.   HRONIS FRUIT COMPANY LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D ☐ E/F ☐ G |
| 2.14.   HRONIS FRUIT COMPANY LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | PETER HRONIS | ☑ D ☐ E/F ☐ G |
| 2.15.   HRONIS FRUIT COMPANY LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | SUN PACIFIC MARKETING COOPERATIVE INC | ☑ D ☐ E/F ☐ G |
| 2.16.   HRONIS LAND COMPANY | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D ☐ E/F ☐ G |
| 2.17.   HRONIS LAND COMPANY | 10443 HRONIS ROAD DELANO CA 93215-9556 | PETER HRONIS | ☑ D ☐ E/F ☐ G |

Debtor    **Hronis Resource Management, LLC**                 Case number *(if known)* **26-10987**

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.18.   HRONIS LAND COMPANY | 10443 HRONIS ROAD DELANO CA 93215-9556 | SUN PACIFIC MARKETING COOPERATIVE INC | ☑ D<br>☐ E/F<br>☐ G |
| 2.19.   HRONIS RACING, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.20.   HRONIS RACING, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.21.   HRONIS RACING, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | SUN PACIFIC MARKETING COOPERATIVE INC | ☑ D<br>☐ E/F<br>☐ G |
| 2.22.   HRONIS RANCH, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.23.   HRONIS RANCH, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | PETER HRONIS | ☑ D<br>☐ E/F<br>☐ G |
| 2.24.   HRONIS RANCH, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | SUN PACIFIC MARKETING COOPERATIVE INC | ☑ D<br>☐ E/F<br>☐ G |
| 2.25.   HRONIS, DEMETRIUS ALBERT | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.26.   HRONIS, DEMETRIUS ALBERT | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.27.   HRONIS, INC. | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |

Debtor  **Hronis Resource Management, LLC**                    Case number *(if known)* **26-10987**

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.28.  HRONIS, INC. | 10443 HRONIS ROAD DELANO CA 93215-9556 | PETER HRONIS | ☑ D<br>☐ E/F<br>☐ G |
| 2.29.  HRONIS, INC. | 10443 HRONIS ROAD DELANO CA 93215-9556 | SUN PACIFIC MARKETING COOPERATIVE INC | ☑ D<br>☐ E/F<br>☐ G |
| 2.30.  HRONIS, KOSTA JAMES | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.31.  HRONIS, LAURIE | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.32.  HRONIS, PETER JOHN | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.33.  HRONIS, STEPHANIE | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.34.  KOSTA HRONIS AND PETER J. HRONIS, IN THEIR CAPACITY AS TRUSTEES OF THE SOPHIA HRONIS IRREVOCABLE TRUST ONE DATED DECEMBER 27, 2012 | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.35.  KOSTA HRONIS AND PETER J. HRONIS, IN THEIR CAPACITY AS TRUSTEES OF THE SOPHIA HRONIS IRREVOCABLE TRUST ONE DATED DECEMBER 27, 2012 | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.36.  KOSTA HRONIS IN HIS CAPACITY AS TRUSTEE OF THE KOSTA HRONIS LIVING TRUST DATED FEBRUARY 12, 2014 | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.37.  KOSTA HRONIS IN HIS CAPACITY AS TRUSTEE OF THE KOSTA HRONIS LIVING TRUST DATED FEBRUARY 12, 2014 | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |

Debtor   **Hronis Resource Management, LLC**                         Case number *(if known)* **26-10987**

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.38.  KOSTA JAMES HRONIS | 10443 HRONIS ROAD DELANO CA 93215-9556 | SUN PACIFIC MARKETING COOPERATIVE INC | ☑ D<br>☐ E/F<br>☐ G |
| 2.39.  PETER JOHN HRONIS | 10443 HRONIS ROAD DELANO CA 93215-9556 | SUN PACIFIC MARKETING COOPERATIVE INC | ☑ D<br>☐ E/F<br>☐ G |
| 2.40.  PETER JOHN HRONIS, IN HIS CAPACITY AS TRUSTEE OF THE PETER JOHN HRONIS LIVING TRUST DATED FEBRUARY 28, 2006 | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.41.  PETER JOHN HRONIS, IN HIS CAPACITY AS TRUSTEE OF THE PETER JOHN HRONIS LIVING TRUST DATED FEBRUARY 28, 2006 | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.42.  SHAMROCK TRANSPORT, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.43.  SHAMROCK TRANSPORT, LLC | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.44.  THE HRONIS FAMILY LIMITED PARTNERSHIP | 10443 HRONIS ROAD DELANO CA 93215-9556 | CONTERRA AGRICULTURAL CAPITAL, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.45.  THE HRONIS FAMILY LIMITED PARTNERSHIP | 10443 HRONIS ROAD DELANO CA 93215-9556 | PETER HRONIS | ☑ D<br>☐ E/F<br>☐ G |
| 2.46.  THE HRONIS FAMILY LIMITED PARTNERSHIP | 10443 HRONIS ROAD DELANO CA 93215-9556 | SUN PACIFIC MARKETING COOPERATIVE INC | ☑ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case:**

Debtor name: Hronis Resource Management, LLC

United States Bankruptcy Court for the: Eastern District of California

Case number (if known): 26-10987

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   4/3/2026
            MM/DD/YYYY

✗ _____
    Signature of individual signing on behalf of debtor

    Allen Soong
    Printed name

    Co-Chief Restructuring Officer
    Position or relationship to debtor